ALBANY,
Jan. 1815.

MAYOR, &c. OF
NEW-YORK
v.
ORDRENAN.

## THE MAYOR, ALDERMEN, AND COMMONALTY OF THE CITY OF NEW-YORK *against* ORDRENAN.

In action of debt to recover penalties to the amount of 3,000 dollars, brought by the mayor, aldermen, and commonalty of the city of New-York, under a by-law or ordinance of the corporation, declaring it unlawful for any person, within certain limits, in the city, to keep gunpowder, in a greater quantity than 28 pounds, at any one time, or in any one place, and that in a certain manner prescribed, and that the person offending, &c. should forfeit the *gunpowder* so unlawfully kept, and also the sum of 125 dollars for every 100 pounds' weight of gunpowder so kept, and in that proportion for a greater or less quantity, &c., and which ordinance was

THIS was an action of debt for 3,000 dollars, for certain penalties. The declaration contained three counts. The first count stated, that by an act of the legislature passed the second of *April*, 1806, entitled " an act for the better government of the city of *New-York*, and to grant certain additional powers and rights to the mayor, aldermen, and commonalty thereof," &c. (sess. 29. c. 126. s. 13.) the plaintiffs were empowered to pass, and to provide for the due execution of, ordinances, as they may deem proper, for the prevention of fires, &c. ; " and also to regulate the keeping, carting, conveying, or transporting of *gunpowder*, or any other combustible, &c. within the bounds of the said city, and to provide for the forfeiture thereof, if the same shall be kept contrary to such law," &c. " And for the more effectual and perfect execution of the laws and ordinances of the mayor, aldermen, and commonalty," it was, by the 16th section of the same act, declared, " that in all cases not otherwise provided for in this act, it shall and may be lawful for the said mayor, &c. from time to time, to impose penalties for the non-observance of the same, not exceeding two hundred and fifty dollars," &c. That in pursuance of the said act, the plaintiffs, on the 2d *March,* 1812, made a by-law, or ordinance, by which, among other things, it was ordained, that it should not be lawful for any person to have or keep any quantity of gunpowder, at one time, exceeding *twenty-eight* pounds' weight, in any one place, &c. within certain boundaries passed by virtue of the authority given by an act of the legislature, (sess. 29. c. 126. s. 15.) passed the 2d *April*, 1806, for the better government of the city of *New-York*, &c. authorizing the corporation to make ordinances, &c. to regulate the keeping, &c. of *gunpowder*, &c. and to provide for the forfeiture thereof, if kept contrary to such by-law or ordinance; and further (s. 16.) empowering the corporation to impose penalties, in all cases not otherwise provided for in the act, for the non-observance of such by-laws and ordinances, not exceeding 250 dollars, it was *held*, that the plaintiffs could not exact, as penalties for any one offence, or for the violation of the by-laws, in any one transaction, a greater sum than 250 dollars.

And whether, under the powers vested in the corporation by the act of the 2d *April*, 1806, the corporation could impose any penalty beyond the *forfeiture* of the gunpowder so unlawfully kept ? *Quære.*

But, at any rate, the corporation, in passing the by-law in question, exceeded the power given by the act of the legislature. Whether, under the general powers conferred by the *charters* of the corporation, they had authority to pass such a by-law, and the action can be supported on that authority alone? *Quære.* But the act of the legislature, on the subject matter of the by-law, having been passed at the instance of the corporation, it so far operates as a limitation of the general and undefined powers in the *charters.*

therein specified; and that the said quantity of twenty-eight pounds should be separated into four parcels, and be kept in four different stone or tin vessels, &c. And that if any person should keep a greater quantity of gunpowder, at one time, than twenty-eight pounds, in any one place, &c. or if the said twenty-eight pounds should not be kept in the manner directed, that such person should forfeit all the gunpowder so kept contrary to the ordinance, and should also forfeit the sum of 125 dollars for every hundred weight of gunpowder, and in that proportion for a greater or less quantity, to be recovered, with costs of suit, in any court having cognizance thereof.

That after passing the act and ordinance aforesaid, to wit, on the 2d of *June*, 1813, the defendant did keep a greater quantity of gunpowder than twenty-eight pounds, to wit, the quantity of 200 pounds, at one time, &c. in one place, &c. whereby an action has accrued, &c. to demand and have from the defendant the sum of 250 dollars, &c.

The *second* count was grounded on the by-law or ordinance of the corporation only, made in pursuance of the authority vested in them by their charters, and by a law of the 2d *March*, 1812, &c. and a breach of the ordinance by the defendant, in keeping 1,100 pounds of gunpowder, at one time, in one place, by which an action accrued to the plaintiffs, to demand and have of the defendant the sum of 1,375 dollars, parcel of the 3,000 dollars above demanded.

The *third* count, like the first, was grounded on the act of the legislature of the 2d *April*, 1806, granting certain additional powers and rights to the corporation of *New-York*, and the by-law or ordinance of the corporation in pursuance thereof, as above mentioned, and stating a breach of the ordinance by the defendant, in keeping 1,100 pounds of gunpowder at one time, in one place, &c. contrary, &c. by which an action had accrued to the plaintiffs, to demand and have of the defendant, other 1,375 dollars, &c.

To this declaration the defendant *demurred*, and the plaintiffs joined in the demurrer, and the same was submitted to the court without argument.

SPENCER, J. delivered the opinion of the court. In deciding on this demurrer, the court confines itself to the manner of executing the power conferred by the statute, and to

the consideration of the general powers of the corporation, under their charters. We do not, at present, intend to express any opinion, whether, under the act of 1806, the corporation could impose a penalty beyond the forfeiture of the powder; for admitting that they could both forfeit the powder, and impose a pecuniary penalty, we are of opinion that the power conferred by the act has not been well or properly executed.

The act, in authorizing the imposition of penalties for the non-observance of by-laws to be passed, and in restraining the penalty to 250 dollars, clearly manifested an intention, on the part of the law-makers, that no more than that sum should be exacted as a penalty for any one offence, or for the violation of the by-laws in any one transaction.

Should a different construction prevail, the limitation in the amount of the penalty would be nugatory, and a penalty to the amount of 250 dollars might be repeated, not upon the offence itself, but upon the quantity of the offence. The by-law imposes a penalty of 125 dollars for every hundred weight of gunpowder kept contrary to its provisions, and this very case is an illustration of the excess of the power granted; for in the third count, 1,375 dollars are claimed for one single offence, and eleven forfeitures are insisted on, where there has been but one offence. There is no limit to the principle set up in the by-law. With the same propriety, the penalty of 125 dollars might have been imposed on every pound of gunpowder, or even on every grain, kept contrary to the by-law.

The case of *Crups* v. *Durden*, (*Comp.* 640.) is not unlike the pretensions set up by the plaintiffs here: *Crups* was convicted in four convictions for exercising the trade of a baker on the Lord's day, and for selling hot loaves contrary to the statute. Lord *Mansfield* said, on the construction of the act of parliament, "the offence is, exercising his ordinary trade on the Lord's day, and that without any fractions of the day, hours, or minutes; it is but one entire offence, whether longer or shorter in point of duration, or whether it consist of one or a number of particular acts; that there was no idea conveyed by the act, that if a taylor sews on the Lord's day, every stitch he takes is a separate offence; and (he adds) there can be but one entire offence on one and the same day; killing a single hare is an offence, but the killing ten more the same day will not multiply the offence, or the penalty imposed for killing one."

In the present case, it is impossible to believe that the legislature meant to confer a power at variance with, and subversive of, the very limitation coupled with the power granted. The offence of keeping gunpowder contrary to such by-laws as the safety of the city of *New-York* might require, was the mischief intended to be prevented; and the legislature considered a penalty, not exceeding 250 dollars, a sufficient mulct to remedy that mischief. The by-law is a plain and manifest excess of power, in inflicting a penalty, and in applying it, not to the offence itself, but to the quantity of the offence, and thus transcending the limitation of the penalty by the legislature.

Though the act of 1806 contains no recitals, stating that it was passed on the application of the corporation of *New-York*, yet we must presume that it was so passed, it being almost the invariable course of proceeding, for the legislature not to interfere in the internal concerns of a corporation, without its consent, signified under its common seal. If it be conceded, that the by-laws in question were authorized by the general powers conferred by the charters, upon which we express no opinion, the application by the corporation to the legislature, and the latter having, in several instances, legislated on the subject matter of the by-law, operates as a limitation to any general and undefined powers in the charters. For this reason we are of opinion that the second count cannot be supported, if it rests solely on the charters; and if it is intended to be grounded on the act of 1806, the reasoning already applied to the other counts extends to that.

Judgment for the defendant.