## GOSSELINK *v.* CAMPBELL.

An ordinance of a municipal corporation can have no extra-territorial force; but persons or property coming within the territorial limits of the corporation, come under its authority.

Where a city charter, adopted in pursuance of the provisions of chapter 42 of the Code, gave to the city council the power to establish such by-laws and ordinances as may be necessary and proper for the good regulation, health and safety of the citizen, and the cleanliness of the city; to prohibit stock from running at large in the city; and to make any other ordinary, suitable and proper police regulations, and to impose fines and penalties for the violation of such regulations, by-laws and ordinances; and where the city council, acting under such charter, adopted an ordinance, prohibiting hogs from running at large, the first section of which provided, that no hogs shall be allowed to run at large in the city, and owners are required to keep them up, and that any person failing to comply with the ordinance, shall be deemed guilty of a misdemeanor, and pay a sum not less than one, nor more than five, dollars; and the second section of which, made it the duty of the marshal to take up all hogs found running at large in the city, and advertise them; and if the owner did not, within three days, come and pay the fine and costs, and take care of the hogs, to sell them to the highest bidder; and after paying the fine and costs, to pay the balance of the money to the owner; and where an action of replevin was brought against the city marshal, by a party residing beyond the corporate limits, to recover the possession of certain hogs belonging to him, found running at large within the corporation, and taken up under the ordinance; *Held*, 1. That the city had authority, under the charter, to pass the ordinance; 2. That the city marshal had authority, under the ordinance, to take up the hogs; 3. That the first section of the ordinance, is within the meaning and spirit of the statute and the charter; 4. That the second section of the ordinance, was sufficient for the abatement of the nuisance and the payment of the charges, but not for the enforcement of the fine.

*Appeal from the Marion District Court.*

THE plaintiff brought an action of replevin against the defendant, to recover possession of certain hogs, taken up when running at large in the city of Pella, on the 13th June, 1856, contrary to an ordinance of the city. The defendant was marshal of the town, and as such impounded the creatures. The cause was submitted to the District Court, on statement of facts, by which it is agreed, that

Gosselink v. Campbell.

the hogs were the property of the plaintiff, who is a farmer, residing about a mile from the limits of the corporation; that he "had them on his farm," and permitted them to run at large, and thåt on the 13th June, 1856, they were found within the town limits, and were taken up by virtue of the ordinance in question by the defendant, who was city marshal; that Pella was duly incorporated as a city under chapter 42 of the Code, and that the charter had taken effect before the passage of the ordinance in question. A copy of the charter and of the ordinance is given. By the agreed statement, the following are made as the only questions raised in the case: .

1. Had the city of Pella any authority, under the charter, to pass the ordinance?

2. Had the city marshal any authority, under the ordinance, to take up said hogs?

3. Are the provisions of the ordinance legal, and is the marshal justified under it, in taking up the animals?

The statute, charter and ordinance bearing upon the cause, are as follows, in substance: Chapter 42 of the Code provides a method for the self-incorporation of towns and cities. The provisions relating to towns are in the main applicable to cities, but to the latter some extension of power may be given. The governing body is styled by the general term of "local legislature," thus covering any form and name of such body which may be adopted.

The above chapter, section 663, provides that the charter adopted may prescribe and limit the powers and duties of this local legislature, and of the "other officers." Section 665 enacts that the charter may also "give power to establish such by-laws and ordinances as are necessary and proper for the good regulation, safety, health and cleanliness of the town, and the citizens thereof. * * * * * And to make any other ordinary, suitable and proper police regulations, and impose penalties for the violation of any such regulations, which penalties may be collected by civil action in the name of the town." And other sections confer farther powers.

The charter adopted under the above statute authority by

section 20, gives to the city council the power to establish such by-laws and ordinances as may be necessary and proper for the good regulation, health and safety of the citizens, and the cleanliness of the city; to prohibit stock from running at large in the city, and to make any other ordinary, suitable and proper police regulations, and to impose fines and penalties for the violation of such regulations, by-laws and ordinances. The ordinance in question, by its first section, provides that no hogs shall be allowed to run at large in the city, and owners are required to " keep them up :" and that any person failing to comply with the ordinance shall be deemed guilty of a misdemeanor, and shall pay a sum not less than one nor more than five dollars. By the second section, it is made the duty of the marshal to take up all hogs found running at large in the town, and to advertise them, and if the owner does not, within three days, come and pay the fine and costs, and take care of the hogs, to sell them to the highest bidder; after paying the fine and costs, he is to pay the balance of the money to the owner.

Judgment was rendered in favor of the plaintiff, and the defendant appeals.

*J. E. Neal*, for the appellant.

*Wm. H. Seevers* and *H. P. Schotte*, for the appellee.

WOODWARD, J.—The only question is upon the validity of the ordinance, for the authority of the marshal depends upon that. As this is a very usual provision in a town or city charter, and as the ordinance is of a very common character, it is not, on first view, altogether apparent, what are the objections intended to be urged against it, and therefore the propositions of counsel will be given as they have advanced them. They say, first, that a corporation has no power to pass by-laws or ordinances which are contrary to the constitution of the State, or of the United States, or to the common law, as it is accepted and received in the juris-

Gosselink v. Campbell.

diction or state in which such corporation exists.   This pro-
position is presumed to be true; but in this, as in some
other instances, the doubt or difficulty arises in its applica-
tion.   It is very broad, but is it true, that any restraint
upon any and every common law right, is a violation of its
true meaning?   I have a common, or common law, right to
build my house of wood.   How then can I be prohibited
doing so, and be directed to build of brick or stone?   I
have a common law right to do many things on my own
grounds which are often prohibited in large towns.   The
direct application which the plaintiff appears to make of this
proposition, is by his third, which is, that the rule of the com-
mon law of England, requiring the owners of stock to fence
them in, has never been in force in this State, but the reverse
is the true doctrine.   It is sufficient to say, in answer to this,
that it is not pretended that that part of the ordinance which
requires the owners to keep up their stock, applies to the
plaintiff personally, or to any persons residing out of the cor-
porate limits.   The ordinance, like a state law, can have no
extra-territorial force.   But, as in the case of any other law,
when persons or property come within its territory, they are
under its authority.   If it is said that this is a restraint upon
his common law right, then we come back to primitive ele-
ments.   The plaintiff has natural rights, and so have others,
and he must so use his as not to injure theirs.   As he cannot
let his stock run at large at the expense of breaking into his
neighbor's field and destroying his crop, so he cannot suffer
them to annoy those citizens who constitute a municipal
corporation.   The principle is not changed by the fact, that
our law happens to require the landowner to fence against
stock, for the supposed natural liberty of the owner of stock
is restrained by his liability, in case his creatures break the
fence of his neighbor.   The case is also like that of the
liberty of speech which one possesses, but for the use of
which he is answerable.   In fine, the plaintiff's right must
be enjoyed in harmony with the rights of others.   The leg-
islature may confer upon a town the power to adopt such
regulations as these, whether we style them sanitary, police,

or by some other term. And the plaintiff may permit his creatures to roam unconfined, but if they come within the limits of the town, they come under its laws. It is believed that the true meaning of the rule, that a by-law cannot be contrary to the common law, is, that it must not violate the principles of that law ; but the rule cannot be carried to the extent of saying that no common law or natural right can be restrained or abridged.

The statute before referred to, confers ample authority to adopt a charter, with provisions similar to these, and the charter in the present case, in various and in express terms, permits an ordinance, whose object is the same with that before us. Whether it is required to be in any respect different from this one, we will consider under another head. Neither do we apprehend the force of the assertion, that the ordinance is unreasonable, which is the fourth proposition of the plaintiff.

Another, and probably the leading objection made by the plaintiff, is, that no power is conferred upon the town to create a forfeiture of property, and that this ordinance creates one,. and is therefore void; this point will be treated as briefly as may be. The terms, fine, forfeiture, and penalty, are often used loosely, and even confusedly. But when a discrimination is made, the word "penalty" is found to be. generic in its character, including both fine and forfeiture. A fine is a pecuniary penalty, and is commonly (perhaps always,) to be collected by suit in some form. A "forfeiture" is a penalty by which one loses his rights and interest in his property. See Webster's Dict. and Jac. Law Dict., &c. It is true, as claimed by the plaintiff, that a town cannot pass an ordinance creating a forfeiture, unless clear and distinct authority be given therefor. *Hart & Hoyt* v. *Mayor and City of Albany*, 9 Wend. 571; *Cotter* v. *Doty*, 5 Ohio, (Ham.) 394 ; *City of New York* v. *Ordreman*, 12 Johns. 122; A. and Ames on Corp., (ed. 1832,) chap. 9, § 8, and *seq.* ; 1 Bac. Ab. tit. By-laws.

The Code, chapter 42, under which this charter is adopted, authorizes penalties to be collected by civil action. A civil

action is required here to enforce the penalty, and the word "collected" seems to point to fines only. . See the cases above. The first section of the ordinance is within the spirit and meaning of the statute and of the charter. . But the essential question is, as to the second section, which requires the marshal to take them up, and to sell, unless the owner take them, and pay the fine and costs. Regarded as a mode of enforcing the first section, and of collecting the fine there prescribed, it is defective, both because the organic statute (Code, § 665), requires a civil action for this purpose, and upon the common ground that the fine cannot be thus enforced, without trial and adjudication. This leads to another consideration. Hogs running at large, contrary to lawful prohibition, are regarded in the light of a nuisance. An action to recover a fine is an inapt and inadequate remedy. Whilst the several days' notice required in an action are passing, and even after, the nuisance continues. Such an action does not abate it. The town is expressly authorized to prohibit the running at large of this creature, and also has a power in relation to all nuisances under its authority, concerning the health, cleanliness and safety of the city and its citizens. By the ordinance, the running at large of hogs is made a nuisance. The question now is, whether its second section can be sustained as a method provided for abating such nuisance.

Proceedings for the abatement of nuisances are of a more summary nature than actions, from the necessity of the case. This ordinance does not, strictly speaking, create a forfeiture, for after paying the expenses and fine, the remainder of the proceeds of sale are paid to the owner. It is then, in effect, but the abatement of the nuisance, and as such, is regular. It is sufficient for the abatement of the nuisance and the payment of the charges, but not for the enforcement of the fine. Nor do we apprehend that it can be contemplated to deduct the fine from the proceeds of a sale, in such a case; for the fine is not fixed, and the marshal would not presume to settle it. Especial reference is made to the case of *Hart & Hoyt* v. *The Mayor and City of Albany*, 9 Wend. 571.

That was a case very analogous to this at bar, but was stronger, inasmuch as the whole of the proceeds of a sale were to be paid into the city treasury. Upon this last ground, the judgment of the District Court will be reversed.