Some of these suggestions may be irreconcilable with certain state statutes, the purpose of which seems to be to strip the judge of his proper magisterial functions and reduce him to the level of a presiding officer; but, back of all these, there is a liberty of action reserved to the bench which ought to be freely exercised, to insure a more certain and a more speedy administration of justice.—*Extract from Article in American Law Review, by* H. B. Brown.

---

### Fort Smith *vs.* Mary J. Dodson.

*(Supreme Court of Arkansas, March 27, 1880.)*

Municipal Corporations. Power to Impound and Sell Loose Animals. "Due Process of Law."

Under a statute which authorizes a municipal corporation "to restrain and regulate the running at large of cattle, horses, swine and sheep, within the corporate limits, and to distrain, impound and sell the same for any penalty imposed by any ordinance or regulation, and all cost of the proceeding," a municipal corporation may, by ordinance, prohibit the running at large of such animals, and authorize the town marshal or policeman to seize, impound and sell the same for the expenses of impounding and selling, without prescribing any penalty against the owner for the violation of the ordinance; and no judgment or judicial proceeding is necessary to authorize the sale.

S. R. Rockwell, P. J.—The marshal of the city of Fort Smith, finding a hog belonging to appellee, at large upon the streets of the city, seized and impounded it, and afterwards sold it at public outcry. The appellee recovered judgment for the value of the animal in an action against the city. On the trial the city offered to justify the act by providing a sale under an ordinance passed by the council authorizing the impounding and sale of swine found running at large, but the court ruled that the ordinance was invalid, and rejected the evidence offered. This ruling of the court is the only question pressed by counsel for determination. The ordinance is said to be invalid, because not within the power specifically conferred upon the council by the act of the legislature. Under the title of "general powers of cities and towns," Mans. Dig. Sec. 757, is the following provision: "They shall have the power to restrain and regulate the running at large of cattle, horses, swine, sheep and other animals within the limits of the corporation; to authorize the distraining, impounding and sale of the same, for any penalty imposed by any ordinance or regulation, and all costs of the proceeding."

In execution of the powers conferred by this provision, the council of Fort Smith passed the ordinance now in question. It forbids the running at large of hogs and other animals, in the city limits; it establishes a pound and authorizes the city marshal or policemen to cause any hog found running at large to be seized and impounded; it provides a reasonable fee for services performed in impounding, feeding and caring for the animal after seizure, and makes it the duty of the marshal to sell any impounded animals after giving five days notice by posters in public places in the city—the proceeds of sale, after deducting the costs of seizure, impounding and keeping the animal, to be held for the benefit of the owner.

It is argued that where no penalty is imposed by the ordinance, no power to sell any of the enumerated animals is conferred by the statute relating to the penalty. But this is a false hypothesis. The first clause of the section recited confers the power to " restrain and regulate the running at large" of the animals enumerated. These words alone confer authority to establish the customary means of preventing the evil aimed at, according to the familiar principle that all power is implied which is necessary to give effect to that expressly conferred. Town of Russellville, *vs.* White, 41 Ark. 485; Grover *vs.* Hilkins, 26 Mich., 476; Whitlock *vs.* West, 26 Conn.; 406; Goselink *vs.* Campbell, 4 Iowa, 296; Varden *vs.* Mount, 78 Ky., 86; Lewis *vs.* Whitfield, 6 Ind., 268.

Hogs and other animals running at large, contrary to lawful prohibition, are regarded in the light of a nuisance, and the usual and established method of suppressing the nuisance is by impounding the animals, and causing a sale for the costs of the proceeding; cases *supra.* But the authority to impose a fine or penalty in person and upon the owner would not arise by necessary implication from the first clause of the section, and the obvious intention of the succeeding clause in relation to the penalty, was to enlarge, rather than to limit, the power granted by the preceding clause, and enable the city not only to suppress the nuisance, but to punish the person responsible for it. As the ordinance attempts only to suppress the nuisance, it does not reach the limit of the power granted, much less overleap it. But the ordinance may be justified under the second clause of the section also. The power is expressly given to sell for costs when a sale is for a penalty. Now, as the costs referred to by clear implication include the costs of "distraining, impounding and sale, the question arises, is it necessary to a valid exercise of this power that the council should go to the full extent of the authority conferred, and impose a penalty for the nuisance, before they can render an impounding effectual by a sale for costs and charges? In answer to this question, the supreme court of Michigan.

in Grover *vs.* Hickens, *supra,* in a case like this say : "A party is not to be heard to complain if, in the punishment of a breach of the penal laws, some severable part of what is or should be the legal penalty is omitted."

II. Again, it is urged that the ordinance forfeits the impounded animal without judicial proceedings, and without "due process of law."

The ordinance does not, strictly speaking, create a forfeiture ; for, after paying the reasonable expenses of impounding and selling, provision is made for paying the residue of the proceeds of sale to the owner of the animal. Bagley *vs.* Casteel, 42 Ark., 77. A notice such as is likely under the circumstances to reach the party concerned is required. This is all that is necessary in such cases. "In judging what is 'due process of law,'" said Mr. Justice Bradley, in Woodson *vs.* New Orleans, 96 U. S., 97, 107, "respect must be had to the cause and object of the taking, whether under the taxing power, the power of eminent domain, or the power of assessment for local improvements, or none of these, and if found to be suitable or admissible in the special case, it will be adjudged to be 'due process of law,' but if found to be arbitrary, oppressive and unjust, it may be declared to be not 'due process of law.'" Such summary proceedings, without the form of judicial trial, have generally been held valid, as falling within the police power of the government. McKibben *vs.* Fort Smith, 38 Ark. 352; Goselink *vs.* Campbell, *supra*; Gilchrist *vs.* Schneilling, 12 Kan., 263; Grover *vs.* Hulkins, *supra*; Campbell *vs.* Langley, 39 Mich., 451; Moore *vs.* State, 11 Lea (Tenn.) 35; Mayor of Cartersville *vs.* Lanham, 67 Ga., 753; Lewis *vs.* Whitfield, *supra.*

The case of Varden *vs.* Mount, 78 Kentucky, *supra,* relied upon by the appellee, seems to be an exceptional case in this particular line. The city ordinance in that case presented the same essential features as the Fort Smith ordinance, but the court assumes that its provisions created a forfeiture of the impounded animal and proceeded to determine that that could not be done. without a judicial investigation. Before the determination of the case, the supreme court of Kansas in disposing of a similar question, used this language :

" When nothing is attempted to be imposed upon the owner of the stock as damages or penalty, but only the reasonable costs of taking up, impounding and keeping the same, and sufficient notice is provided for, and the ordinance authorized by the city charter, it is believed that no court has ever held the law, or the ordinance founded thereon, to be unconstitutional or invalid, although the sale may not be made under judicial process, although there may be no provision for a judicial investigation except the general remedies to determine whether

the law or the ordinance has been complied with, and although the notice provided for may not be a personal notice, but only a notice by publication or by posting."

This we think the correct view. Certainly no greater right to a judicial investigation exists in such a matter than in the case of an entry or the sale of real or personal property for non-payment of taxes. It follows that the court erred in excluding the evidence offered by the city in justification of the sale, and the judgment must be reversed and the cause remanded for a new trial.