## EDWARD L. FRIDAY

*v.*

## JOSIAH R. FLOYD.

1. MUNICIPAL CORPORATION—*impounding animals.* Where an incorporated town had declared, by ordinance, the running at large of hogs in the town to be a nuisance, and prohibited the same, and directed that hogs and pigs found so running at large, should be taken up by the police constable and impounded, it was *held,* that the hogs of a party who resided near the town limits, and who suffered them to go at large, were subject to be impounded under the ordinance, if they were found at large within the town.

2. IMPOUNDING ANIMALS—*justification.* The plaintiff's hogs were found running at large in an incorporated town, contrary to the ordinance, by two persons, and were being driven by them to the pound, when the police constable who was empowered to impound them, met them and assisted in driving the hogs to the pound, where he detained them. The parties first taking up the hogs were not acting under any directions of the officer in regard to these particular hogs, but under a general instruction to drive to the pound any hogs found running at large, and lock them in, at an agreed compensation per head: *Held,* in replevin against the officer, that his detention was lawful, he having found the hogs at large in the town before they were impounded.

Justices WALKER, McALLISTER and THORNTON, dissenting, *held,* that the officer had no right to delegate his authority, and that having received possession from trespassers, could not justify their detention.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was an action of replevin originally brought by appellee against appellant before a justice of the peace, and taken by appeal to the circuit court of Madison county. On the trial of the appeal the plaintiff below recovered.

Messrs. DALE & BURNETT, for the appellant.

Mr. DAVID GILLESPIE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The ordinance of the town of Edwardsville, under which the defendant, as town constable, justified the detention of the hogs replevied, declared the running at large of hogs in the town of Edwardsville to be a nuisance, and prohibited the same, and directed that hogs and pigs found so running at large, should be taken up by the police constable and placed in some secure pound, etc.

The plaintiff resided about half a mile without the limits of the town. The hogs in controversy were found running at large within the town, and were impounded by the defendant. There was no attempt at proof that the hogs were kept up. It was clearly a case where they were subject, under the ordinance, to be impounded.

A point is made that they were not found running at large and taken up by the defendant himself, and an instruction was asked by the plaintiff to the purport that, under the ordinance, the hogs must be taken up whilst running at large, by the police constable of the town, and that he has no right to delegate that power to other persons. It appears from the evidence, that the animals were first found running at large by two other persons, and were being driven by them to the pound, and that the defendant met them, and assisted in driving the hogs into the pound. These two persons, in what they did, were not acting under any directions from the defendant in regard to these particular hogs, but under a general instruction from him, to drive to the pound any hogs found running at large within the corporate limits, and lock them in, at an agreed compensation of ten cents per head. The running at large of hogs in the town was a fact patent to any observer, not requiring any especial judgment or discretion to determine; the driving of them to the pound was but a ministerial act, and we do not deem it necessary that the town constable should have been personally present when they were started to be driven to the pound. It would seem

essential, in order to the efficient execution of the ordinance, that the town constable should avail himself of the aid and assistance of others. The location of the pound being within the town, the hogs may be regarded as running at large in the town at the time when the defendant assisted in driving them to the pound and put them in.

We are of opinion that the hogs are to be regarded as having been taken up by the town constable and placed in the pound, within the provisions of the ordinance, and that the instruction referred to was erroneous, as applied to the facts of the case.

In our view, the verdict was clearly against the evidence. The judgment is reversed and the cause remanded.

*Judgment reversed.*

Justices WALKER, MCALLISTER and THORNTON, dissenting: We hold that the ordinance in question conferred the authority to take up hogs upon a particular officer mentioned in it. The power conferred is in derogation of common right, and can be exercised only by the officer named. These hogs were taken up by two men acting under a private arrangement made between them and the police constable. Their assumption of the control of the hogs was without authority and illegal, because the police constable could not delegate his authority to them. It, therefore, follows that when the defendant received the hogs from these men at the pound, he simply received the possession of trespassers, and can not be deemed as taking them up when found running at large.