# Nathan P. Hayes and another v. Hannah P. Homer.

*Notice: Evidence: Weight: Tendency: Question for jury.* Where it is a, material question whether a party had notice of a certain fact, it is not proper, where there is a contest upon the facts, for the court to charge that there was no evidence tending to show such notice, except in a case free from doubt. Ordinarily not only the weight but the tendency of the evidence, when once introduced, becomes a question for the jury, who are to examine it and give it such effect in the light of all the facts as they think it fairly entitled to.

*Record: Absence of evidence: Bill of exceptions.* Where the bill of exceptions does not purport to give all the evidence in the case, although it states that the substance of the entire testimony on the part of the plaintiff is given, it would hardly be safe to hold there was no evidence tending to show a particular fact and on that basis to overturn the ruling of the trial court refusing to so charge.

*Weight of evidence: Credibility: Question for jury.* There being evidence of a witness fairly tending to show that he notified the party of the fact, of which it is claimed there was no evidence of notice, it will not be held the court erred in refusing to charge there was no evidence of such notice, notwithstanding the cross-examination of the witness who testified to it may have shaken his testimony; the proper effect to be given to his entire testimony as a whole was for the jury, and not for the court, to determine.

*Heard April 11. Decided April 24.*

Error to Ionia Circuit.

*Mitchel & Pratt,* for plaintiffs in error.

*Lemuel Clute,* for defendant in error.

MARSTON, J:

Defendant in error, being the owner of a certain promissory note dated May 27, 1868, for the sum of two thousand two hundred and two dollars and forty cents, in the spring of 1873, the note being then past due, gave it to her husband with authority to use the same to the amount of one thousand dollars in the purchase of logs. Her husband, Wilson P. Homer, showed the note to Mr. Webber, one of the plaintiffs in error, and spoke to him about using the note as collateral security, informing Webber at the time that it belonged to his wife. Webber then said the note would be good with Mrs. Homer's endorsement on the back. Some two months afterwards Wilson P. Homer had another conversation with Mr. Webber, who directed him (Homer) to Mr. Hayes, who would let him have the money. Mr. Homer then went and saw Mr. Hayes and showed him the note; he was satisfied with the note as a collateral, and agreed to let Mr. Homer have the money. Wilson P. Homer was a member of the firm of Homer & Marcy. This note was then pledged as a collateral, and nine hundred and sixty dollars borrowed by the firm, which was afterwards increased to two thousand two hundred and fifty-nine dollars and ninety cents. While the note was thus pledged, Mrs. Homer called at the bank where it was, and on several occasions received the interest thereon as it became due. She, on these occasions, supposed it was pledged for the amount of one thousand dollars, as she had consented it should be. She afterwards demanded back the note, and on refusal commenced an action of assumpsit to recover the amount thereof, and obtained a verdict and judgment for the sum of eleven hundred and fifty-nine dollars and forty-three cents. Several errors were assigned, but plaintiffs in error in this court abandoned all but one, viz.: that there

was a total absence of any showing in the case that Hayes and Webber had notice that Mr. Homer or Homer & Marcy were only authorized to pledge the note in question with them for the sum of one thousand dollars, and they insist that the court below should have so instructed the jury.

If the evidence introduced had no tendency to show such notice, then the court might very properly have so instructed the jury and directed them to find a verdict for the defendants. This can only be done, however, in a case free from doubt, where there is a contest upon the facts. Ordinarily not only the weight but the tendency of the evidence, when once introduced, becomes a question for the jury, who are to examine it and give it such effect in the light of all the facts as they think it fairly entitled to. In *Perrott v. Shearer*, *17 Mich.*, *54*, it was said that "when evidence is submitted to a jury as bearing upon a certain point, it is for them, and not for the court, to determine whether it tends to establish that point or not. Whether it does so, in their opinion, may depend, not alone upon that particular item of evidence, but upon that evidence considered in its relation to other evidence, which may so far qualify and explain it that it shall have no tendency whatever to prove the position for which it was offered, and which, if it were the sole evidence in the case, it might appear to establish. The duty to examine, weigh and compare in these cases is not entrusted to the judge, and when he is asked to instruct the jury that the evidence tends to prove a certain fact he is in effect requested to give a direction to their judgment, which may, if they follow him, overrule and control their own convictions."—See also *Blackwood v. Brown, 32 Mich., 107, and cases there cited.*

It is to be observed of the case of *Perrott v. Shearer*, that the point which the court was requested to instruct the jury the evidence tended to establish, was not the main fact, or any necessary fact in the case, but only a fact from which some necessary fact might be inferred, so that in effect the court was requested to lead the jury from step to

step to the main fact in controversy. That the evidence has a tendency to make out a case or defense, the judge always decides in admitting it, and there can be no objection to his saying so afterwards; but even then the final determination must in the same connection be left to the jury.

The evidence does not all appear in the bill of exceptions, although it states that the substance of the entire testimony on the part of the plaintiff is given. It might be dangerous for us to say that there was no evidence tending to show such knowledge, where the evidence is not all before us. In this case, however, we have no difficulty, as an examination of the record satisfies us that the evidence of Wilson P. Homer fairly tends to show that he so notified the defendant Marcy before pledging the note, and although the cross-examination of this witness may have somewhat shaken the testimony given on direct examination, yet the proper effect to be given to his entire testimony as a whole was for the jury and not for the court. It was peculiarly within their province, and the court below being satisfied with the conclusion at which they arrived, we have no power to weigh the evidence given and disturb the verdict.

We are of opinion that the judgment should be affirmed, with costs.

The other Justices concurred.