EDWARD CAMPAU V. THOMAS LANGLEY.

*Constitutional law—Sale of animals found running at large.*

Testimony is admitted as tending to establish a case or a defense, and it is therefore no error to charge the jury that it tends to do so.

A statute allowing animals running at large in a public highway to be taken by any person and publicly sold by a public officer, and providing that after the expenses of the proceedings and of keeping the animals were paid, the remainder should be paid over to their owner, who should be allowed a certain time within which to redeem them, is to remedy a public grievance and is not unconstitutional as divesting property rights without due process of law.

Error to Wayne. Submitted Oct. 11. Decided Oct. 29.

REPLEVIN. Plaintiff brings error.

*Henry M. Cheever* for plaintiff in error. A statute authorizing private persons to seize animals trespassing on their lands and sell them to satisfy the trespass is unconstitutional, *Rockwell v. Nearing*, 35 N. Y., 308; see also *Wynehamer v. People*, 13 N. Y., 395.

*Griffin & Dickinson* for plaintiff in error.

MARSTON, J. Plaintiff replevied certain horses under that part of chapter 214 of the Compiled Laws relating to the replevin of beasts distrained. It appeared that the horses were running at large in the public highway opposite lands owned by Langley, who thereupon took them into his custody and possession under the provisions of section 3 of Act 184 of the Session Laws of 1877, p. 199; that he immediately notified the town clerk and caused a description of them to be entered in his books, and that the provisions of section 4 of Act No. 66, Session Laws of 1875, p. 102, in reference to notifying the commissioner of highways, and giving notice by the latter,

were complied with. It farther appeared that by resolution of the board of supervisors, the Act of March 27, 1867, Comp. L., ch. 59, became operative in the township of Greenfield, and that there was no public pound in the township. Previous to the time fixed for the sale of the horses the plaintiff demanded possession thereof, which was refused, and then brought this action.

Under the charge of the court defendant obtained a verdict and judgment for six dollars.

It is first objected that the court erred in instructing the jury as to the tendency of the evidence,* citing *Perrott v. Shearer*, 17 Mich., 54, and *Blackwood v. Brown*, 32 id., 107. We had occasion in *Hayes v. Homer*, 36 Mich., 376, to point out the distinction, and within what was there said no error was committed.

The important question presented relates to the constitutionality of the statutes under which the horses were seized. It is insisted that the act provides for divesting the title of the owner of the property without due process of law.

We are of opinion that this statute is not open to the objections urged against it in this case. The primary object which the Legislature had in view was to prevent animals from running at large in the public highways. True, section 3 as amended in 1877 declares it shall be lawful for any person to take into his custody

---

*The court charged the jury as follows:

"Gentlemen of the jury: Under the evidence in this case your verdict must be in the sum of six dollars for the defendant. The evidence tends to show that the defendant Langley took up the ponies running at large—the ponies broke into his grounds; that he drove them out and into his barnyard, if I remember the testimony correctly. If he took up the ponies running at large in that way, he is entitled to charge fifty cents per head for them; he, therefore, has a lien upon the horses for the sum of six dollars."

The jury were afterward called out and charged by the court as follows:

"Gentlemen: I will say, if you believe the evidence, these ponies were running at large, contrary to the law, and the defendant had a right to distrain them. I stated to you that under the evidence your verdict must be for the defendant, if you believe the evidence, he had a right to proceed as he did."

and possession any animal which may be trespassing upon premises owned or occupied by him, but the seizure in this case was not under that provision of the statute. Here the animals were running at large in the highway, and the statute, in authorizing a sale, does not contemplate or provide any compensation to the person seizing the animals, by way of damages for the injury he may have sustained on account of the trespass.

The statute provides that a justice of the peace or a commissioner of highways of the town in which such seizure was made, shall be notified, and that he thereupon shall give public notice that such animals shall be sold at public auction, at some convenient specified place, not less than fifteen nor more than thirty days from the time of the affixing of such notice. At the time fixed the justice or commissioner shall proceed to sell the animals for cash, and out of the proceeds thereof he is to retain certain fixed fees for his services in giving the notice and making the sale, together with a reasonable compensation to be estimated by him, to be paid the person making the seizure, for the care and keeping of such animals from the time of the seizure to the sale thereof. The surplus moneys, if any, are to be retained and paid to the owner of the property upon demand made and proof of ownership, made within one year after sale. The owner is also given six months following such sale to redeem by paying the expenses of the custody and sale and a reasonable compensation for keeping the same. The act, as originally passed, allowed the person who made the seizure, in addition to compensation for keeping, a certain definite sum for making the seizure; but this was omitted in the amendment of 1875.

It is clear, therefore, that the proceedings are not for the purpose of collecting or enforcing the payment of damages for a mere private trespass, but are the usual and ordinary remedy for a particular public grievance.

This case, we think, comes within the principle of

*Grover v. Huckins*, 26 Mich., 482, and must therefore be considered as settled by that case.

The only error committed was in limiting the recovery as was done to six dollars, but of this there is no complaint.

The judgment must be affirmed with costs.

The other Justices concurred.