Fort Smith v. Dodson.

FORT SMITH V. DODSON.

1. MUNICIPAL CORPORATION: *Power to impound and sell vagrant stock. Construction of statute.*

The statute (*Mans. Dig., sec.* 757), empowering cities and towns "to restrain and regulate the running at large of cattle, horses, swine and other animals within the limits of the corporation, and to distrain, impound and sell the same for any penalty imposed by any ordinance or regulation, and all costs of the proceeding," authorizes the passage and execution of an ordinance forbidding the running at large of hogs in the city limits, by causing them to be seized and impounded and sold for the cost and expenses, after due notice of the sale, without further notice to the owner, and though no penalty be prescribed for the violation of the ordinance; and such an ordinance is not objectionable as effecting a forfeiture of the animal "without due process of law."

Fort Smith v. Dodson.

APPEAL from *Sebastian* Circuit Court.
Hon. R. B. RUTHERFORD, Circuit Judge.

*City Attorney*, for appellant.

The ordinance is constitutional and valid. *Acts of In-corporation, sec. 16; Mills on Em. Dom., secs. 6, 7 and 8; Mayor of Cartersville v. Lanham, 13 Law Reporter, 552; 26 Mich., 476; 10 Lea (Tenn.), 35; 30 Ill., 459; Dillon Mun. Corp., vol. 1, p. 284.*

The court excluded the ordinance upon the ground that the costs and charges were incident to a *penalty.* The costs of the proceedings means cost of seizing, impound-ing, feeding, etc., and merely the costs of any trial.

The power may be exercised without imposing a pen-alty. The owner cannot complain if he is not punished to the full extent of the law. *26 Mich., 476,* and cases cited.

" Due process of law " does not necessarily mean a judi-cial or legal proceeding, a judicial determination. *12 Kans., 271.*

*Personal* notice not necessary; sufficient if by publica-tion. *48 N. Y., 313; Shaw v. Kennedy, N. C., Tenn. Rep , 158; 3 Ired. Law., 493; 6 ib., 168; 12 Kans., 263; 41 Penn., 481.*

The judgment should be reversed. *Secs. 5145–5181, Mansf. Dig., and cases cited note "f" to sec. 1265.*

*Collins & Balch*, for appellee.

This ordinance is attempted to be upheld under *sec. 757, Mansf. Dig.* The ordinance is void, no penalty being provided, and the city had no power to seize, impound and sell for costs only. *26 Mich., 476.*

Fort Smith v. Dodson.

It is void because it attempts to deprive the owner of his property without legal proceeding first had to condemn, or " due process of law." *39 Am. Rep., 208 ; 40 ib., 115 ; 7 Cush. (Miss.), 247 ; 35 Am., 420 ; 46 N. Y. (Ct. App.), 439 ; 40 Am. Dec. 279 ; 53 ib., 328 ; 10 Ohio, 36 ; 26 N. J. (Law), 72 ; 45 N. Y., 356.*

COCKRILL, C. J.   The marshal of the city of Fort Smith, finding a hog belonging to the appellee at large upon the streets of the city, seized and impounded it, and afterwards sold it at public outcry.   The appellee recovered judgment for the value of the animal in an action against the city.   On the trial the city offered to justify the act by proving a sale under an ordinance passed by the council, authorizing the impounding and sale of swine found running at large, but the court ruled that the ordinance was invalid, and rejected the evidence offered.   This ruling of the court is the only question pressed by counsel for determination.

The ordinance is said to be invalid because not within the power specifically conferred upon the council by the act of the legislature.   Under the title of "General Powers of Cities and Towns," *Mansf. Dig., sec. 757*, is the following provision :

" They shall have the power to restrain and regulate the running at large of cattle, horses, swine, sheep and other animals within the limits of the corporation; to authorize the distraining, impounding and sale of the same, for any penalty imposed by any ordinance or regulation, and all costs of the proceeding."

In execution of the powers conferred by this provision, the council of Fort Smith passed the ordinance now in question.   It forbids the running at large of hogs and other animals in the city limits; it establishes a pound and

Fort Smith v. Dodson.

authorizes the city marshal or policeman to cause any hog found running at large to be seized and impounded; it provides a reasonable fee for services performed in impounding, feeding and caring for the animal after seizure, and makes it the duty of the marshal to sell any impounded animal after giving five days' notice by posters in public places in the city—the proceeds of sale, after deducting the costs of seizure, impounding and keeping the animal, to be held for the benefit of the owner.

It is argued that where no penalty is imposed by the ordinance, no power to impound or sell any of the enumerated animals is conferred by the statute. This position assumes that the authority to impound and sell is granted only by that clause of the statute relating to the penalty. But this is a false hypothesis. The first clause of the section cited confers the power to "restrain and regulate the running at large" of the animals enumerated. These words alone confer authority to establish the customary means of preventing the evil aimed at, according to the familiar principle, that all power is implied which is necessary to give effect to that expressly conferred. *Town of Russellville v. White, 45 Ark., 485; Grover v. Huckins, 26 Mich., 476; Whitlock v. West, 26 Con., 406; Goselink v. Campbell, 4 Iowa, 296; Varden v. Mount, 78 Ky., 86; Whitfield v. Longest, 6 Ired., 268.*

Hogs and other animals running at large, contrary to lawful prohibition, are regarded in the light of a nuisance, and the usual and established method of suppressing the nuisance is by impounding the animals and causing a sale for the costs of the proceeding. *Cases sup.* But the authority to impose a fine or penalty *in personam* upon the owner would not arise by necessary implication from the first clause of the section, and the obvious intention of the succeeding clauses in relation to the penalty was to enlarge

rather than to limit the power granted by the preceding
clause, and enable the city not only to suppress the nui-
sance but to punish the person responsible for it. As the
ordinance attempts only to suppress the nuisance, it does
not reach the limit of the power granted, much less over-
leap it. But the ordinance may be justified under the
second clause of the section also. The power is expressly
given to sell for costs when a sale is made for a penalty.
Now, as the costs referred to, by clear implication, include
the costs of "distraining, impounding and sale," the ques-
tion arises : Is it necessary to a valid exercise of this
power that the council shall go to the full extent of the
authority conferred, and impose a penalty for the nuisance
before they can render an impounding effectual by a sale
for the costs and charges?   In answer to this question the
supreme Court of Michigan, in *Grover v. Huckins, sup.*, in a
case like this, say, "A party is not to be heard to complain,
if, in the punishment for a breach of the penal laws, some
severable part of what is or should be the legal penalty is
omitted."

Again, it is urged that the ordinance forfeits the
impounded animal without judicial proceedings and with-
out "due process of law." The ordinance does not,
strictly speaking, create a forfeiture, for after paying the
reasonable expenses of impounding and selling, provision
is made for paying the residue of the proceeds of sale to
the owner of the animal. *Bagley v. Castile, 42 Ark., 77.*
A notice, such as is likely under the circumstances to
reach the party concerned, is required.   This is all that is
necessary in such cases.   "In judging what is 'due pro-
cess of law'," said Mr. Justice Bradley in *Davidson v. New
Orleans, 96 U. S., 107,* "respect must be had to the cause
and object of the taking, whether under the taxing power,
the power of eminent domain, or the power of assessment

for local improvements or none of these; and if found to be suitable or admissible in the special case, it might be adjudged to be 'due process of law'; but if found to be arbitrary, oppressive and unjust it may be declared to be not 'due process of law'." Such summary proceedings, without the form of judicial trial have universally been held valid as falling within the police power of the government. *McKibben v. Fort Smith, 35 Ark., 352; Goselink v. Campbell, sup.; Gilchrist v. Schmidling, 12 Kans., 263; Grover v. Huckins, sup.; Campan v. Langley, 39 Mich., 451; Moore v. St., 11 Lea (Tenn.), 35; The Mayor of Cartersville v. Lanham, 67 Ga., 753; Whitfield v. Longest, sup.*

The case of *Varden v. Mount, 78 Ky., sup.*, relied upon by the appellee seems to be an exceptional case in this particular line. The city ordinance in that case presented the same essential features as the Fort Smith ordinance, but the court assume that its provisions created a forfeiture of the impounded animal and proceeded to determine that that could not be done without a judicial investigation. Before the determination of this case, the Supreme Court of Kansas, in disposing of a similar question, used this language: "When nothing is attempted to be imposed upon the owner of the stock as damages or penalty, but only the reasonable cost of taking up, impounding and keeping the same, and sufficient notice is provided for, and the ordinance authorized by the city charter, it is believed that no court has ever held the law or the ordinance founded thereon, to be unconstitutional or invalid, although the sale may not be made under judicial process, although there may be no provision for a judicial investigation, except the general remedies to determine whether the law or the ordinance has been complied with, and although the notice provided for may not be a personal notice, but only a notice by publication or by posting." This, we

think, the correct view. Certainly no greater right to a judicial investigation exists in such a matter than in the case of an estray or the sale of real or personal property for non-payment of taxes.

It follows that the court erred in excluding the evidence offered by the city in justification of the sale, and the judgment must be reversed and the case remanded for a new trial.