SMITH *v.* WILLIAMS.

Opinion delivered July 11, 1910.

ESTRAYS—NECESSITY FOR EXHIBITING ANIMAL.—Title to any of the animals mentioned in Kirby's Digest, § 7852, cannot be acquired by virtue of the estray laws unless the person taking it up exhibits it in the stray-pen of the county on the first day of the next term of the circuit court of his county.

Appeal from Prairie Circuit Court, Northern District; *Eugene Lankford,* Judge; affirmed.

*W. A. Leach,* for appellant.

A person, in order to acquire title to property under the estray law, must do everything required by those laws.  2 Cyc. 363; 100 Ala. 631; 8 Mo. 344.

*J. G. & C. B. Thweatt,* for appellee.

If different conclusions may be drawn from the evidence, it should be passed upon by the jury. 6 Ency. Pl. & Pr., 687. The finding of the jury should be given the strongest inference in its favor that is deducible therefrom.  74 Ark. 478.

HART, J.   This is an action of replevin instituted in the circuit court by L. A. Smith against S. M. Williams to recover possession of a mare valued at $125.

The defendant denied that plaintiff had any title to the mare, and in addition set up title in himself under the estray laws.   There was a trial before a jury and a verdict for the defendant.   From the judgment rendered the plaintiff has appealed to this court.

He first contends that the defendant did not comply with section 7852 of Kirby's Digest by exhibiting the mare in the stray pen on the first day of the next term of the circuit court of his county; and that therefore defendant acquired no title to the mare in controversy by reason of the estray laws.

The defendants admit (and properly so) that plaintiff is right in this contention. *Conditt* v. *Holden,* 92 Ark. 618.

As stated by the defendant, the verdict being for him, the only question for our determination is, does the evidence support the verdict? We think not. The undisputed evidence shows that the mare belonged to the plaintiff. The plaintiff and one other witness positively identified the mare as belonging to him. They identified her by brand, color and otherwise. It would do no good to set forth their testimony. It is sufficient to say that it was not contradicted.

The judgment will therefore be reversed, and the cause remanded for a new trial.