HOWELL *v*. DAUGHET.

Opinion delivered May 9, 1921.

1. ANIMALS—IMPOUNDING STATUTES.—Statutes authorizing the impounding and sale of stock found running at large in violation of law are valid as police regulations.

2. ANIMALS—IMPOUNDING STATUTES.—A statute authorizing the impounding and sale of stock running at large and providing for killing the animal taken up if no bidder appears at the sale *held* valid.

3. ANIMALS—RIGHT OF OWNER TO RECLAIM.—A statute authorizing the taking up and sale of stock found running at large in violation of law is not invalid as unduly limiting the time within which the owner may appear and show cause against the condemnation and reclaim the animal where the statute gives the right to reclaim at any time up to the sale.

4. CONSTITUTIONAL LAW—IMPOUNDING STATUTE.—A statute authorizing the impounding and sale of stock found running at large in violation of law is not confiscatory because it directs the officer who sells the animal, after paying the specified fees and expenses, to pay the residue over to the county treasurer to the credit of the road and bridge fund of the county.

5. ANIMALS—IMPOUNDING STATUTE.—An impounding statute *held* to give the owner a reasonable time for reclamation where it provides for a notice of the seizure to be posted in five public places for either ten or twenty days according to the value of the stock, and also providing a notice of sale after condemnation.

Appeal from Hempstead Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*Will Steel,* for appellants.

The act of 1819, act No. 496, is unconstitutional and void, and appellants have the right to enjoin its enforcement. 1 High on Injunctions (4 ed.), p. 87; 118 Fed. Rep. 399; 195 U. S. 223-4; 12 Cyc. 903. The act conflicts with

art. 14, § 1, Const. U. S. and art. 2, § 8, Const. Ark. It unlawfully deprives residents of the district of their property without due process of law. The whole act is void, as the valid and invalid parts of the act can not be separated. 6 R. C. L., §§ 122-3-5-7; 111 Ark. 108, 118; 89 *Id.* 466. The intention fo the Legislature must be gathered from the language of the act. The act can not by judicial construction be so amended as to leave a valid and effective law. 126 Ark. 260; 79 *Id.* 517; 49 *Id.* 492. See, also, 31 Ark. 77-91. The provisions of the act are arbitrary, oppressive and unjust—purely arbitrary—and are not founded upon necessity under the circumstances. 96 U. S. 107. The courts are the judge of the reasonableness of an act. 83 Ark. 180. The act is clearly unconstitutional.

*James H. McCollum,* for appellees.

The presumption is in favor of the constitutionality of an act, and all doubts are resolved in its favor. 39 Ark. 353; 85 *Id.* 464; 100 *Id.* 175; 102 *Id.* 166; 199 *Id.* 314. Under these decisions the act is valid. But if the last clause of § 1 is in conflict with our "due process" clause of the Constitution, it is separable and should be stricken out or treated as surplusage and leave the act to stand. 37 Ark. 356; 46 *Id.* 312; 70 *Id.* 94; 89 *Id.* 466; 111 *Id.* 108; 125 *Id.* 350; Ann. Cases D 1916, p. 1, and note.

McCulloch, C. J. The General Assembly of 1919, at the regular session, enacted a special statute creating a district in Hempstead and Nevada counties where stock is prohibited from running at large, and the statute was put into effect after adoption by a vote of the qualified electors of the district. Appellants are citizens residing within said district and owned stock therein, and they instituted this action in the chancery court of Hempstead County to restrain the officers from enforcing the provisions of the statute. They contend that the statute is unconstitutional and void, and they have appealed from a decree of the chancery court dismissing their complaint.

The statute provides, in substance, that any animal found running at large within the area mentioned shall

be taken up and delivered to a justice of the peace of the township; that said justice of the peace shall cause the animal to be appraised by three disinterested persons and shall then give notice, by posting in public places describing the animal and calling on persons claiming any interest to appear and show cause why the animal should not be condemned and sold, and that if at the expiration of the specified period no person appears to show cause against it the justice of the peace shall enter judgment condemning the animal to be sold to the highest bidder, on notice by posting and by publication in a newspaper; that the sheriff of the county or the constable may make the sale, and that said officer shall dispose of the proceeds by paying a fee of $1 to the taker-up of the animal, a fee of 50 cents each to the appraisers, a fee of $1 to the justice of the peace, a fee of $1 to the officer for making the sale, and also to the person entitled thereto the cost of keeping and caring for the animal up to the time of the sale at the rate of 50 cents per day, and that "the residue. if any, shall be paid into the county treasury to the credit of the road and bridge fund of said county." Another section of the statute permits the owner of the animal or any one having or claiming any interest therein "to retake the same upon payment of the fees allowed to the taker-up thereof, and for the appraisers and to the justice of the peace as in the case of sale together with cost of keeping and caring for such animal." There is also a provision in the statute to the effect that if no person shall bid anything for the animal offered for sale the officer in charge shall proceed to kill the animal.

It is contended, in the first place, that this statute attempts to authorize the taking of property without due process of law, and for this reason it is unconstitutional and void. It is very generally held by the courts, especially in the more recent decisions, that statutes authorizing the impounding and sale of stock found running at large in violation of law are valid as police regulations. The cases on this subject are collated in 12 Corpus Juris.

page 1284, and in the case note in *Fall Creek Sheep Co.* v. *Walton* (24 Idaho 760), 37 Ann. Cas. 1915 C, 1252. The question of the validity of such statutes has been put at rest by several decisions of this court. *Fort Smith* v. *Dodson*, 46 Ark. 296; *Hendricks* v. *Block,* 80 Ark. 333; *Ross* v. *Desha Levee Board,* 83 Ark. 176.

In those cases it was decided that under the police power there can be a summary seizure and sale of trespassing stock without personal service of notice on the owner and without any kind of judicial proceedings. It may be noted, however, that the statute now under consideration provides for a judicial determination of the right under the statute to condemn in a given case, though it does not provide for personal service of notice. It is not doubted that the provisions of the statute are valid so far as they relate to the seizure and sale of the property. Nor is the validity of the statute affected by the provision in regard to killing the animal taken up if no bidder appears at the sale. This is to provide for an emergency where it is demonstrated by failure of bidding that the animal is without value, and in order to dispose of it so as to prevent further depredation, and to obviate the burden of keeping the valueless animal, it is provided that it shall be killed.

One of the contentions in support of the attack on the validity of the statute is that it limits the time within which the owner may appear and show cause against the condemnation and in which he may reclaim the animal to the day specified in the original notice and does not give the right to reclaim up to the time of sale. Counsel is, we think, mistaken in his interpretation of the statute, for, according to a fair and reasonable interpretation, the framers of the statute intended to give the owner the right to reclaim his stock at any time up to the sale, or at least that the time for reclamation was not limited to one date.

The principal ground for attack on the validity of the statute is that the provision which directs the officer who sells the animal, after paying the specified fees and

expenses, to pay the residue over to the county treasurer to the credit of the road and bridge fund of the county. It is contended that this constitutes a confiscation of the property, and that if the provision is invalid it vitiates the whole statute. We do not, however, agree with counsel in his interpretation of the statute and do not think that it should be construed as a confiscatory provision. The purpose is to give the owner the right to reclaim his property at any time up to the sale by paying the fees and expenses, and the other provision with reference to the residue of the funds constitutes merely a final disposition of the funds in the event the owner has failed to claim his property. If the terms of the statute are reasonable and give the owner a fair opportunity to reclaim his property upon the payment of accrued expenses and fees, then the lawmakers have the power to provide for a final disposition of the surplus funds, in the event of a sale of the property on failure of the owner to reclaim it. And it does not, under those circumstances, constitute a confiscation of the property to authorize the residue of the funds to be appropriated to public use. This is the scheme provided in our estray laws for the disposition of proceeds of sale of an estray (Crawford & Moses' Digest, chapter 4, subdivision 2) which are, in substance, that a stray animal may be taken up and after appraisal shall be kept for a period of one year, and if not reclaimed shall become the property of the person who takes it up, and that one-half of the net appraised value of the animal shall be paid to the county treasurer as public funds. This was a part of the Revised Statutes of 1838, with only a few amendments up to this day, and the validity of these provisions has never been challenged. On the contrary, this court has impliedly, if not expressly, sanctioned them and upheld their validity in several cases. *Phelan* v. *Bonham*, 9 Ark. 389; *Davis* v. *Calvert*, 17 Ark. 85; *Smith* v. *Williams*, 95 Ark. 587.

The only difference between the two statutes, so far as concerns the validity of the one now under consideration, is as to the time given for reclaiming the property

by the owner, and that presents the question whether or
not the time given for reclamation by the owner is rea-
sonable.   Our conclusion is that it is reasonable, or at
least that we should not, in the face of the legislative de-
termination, declare it to be unreasonable.   This particu-
lar statute applies to a limited territory, and there is a
provision for two notices, one to be given by the justice
of the peace as soon as the impounded animal is ap-
praised and which is posted in five public places in the
immediate locality where the animal is taken up.   Ten
days' notice is required where the property is not over
$50 in value and twenty days where it is over that value.
After condemnation a notice of sale is then required,
which is not only by posting in the locality but by publi-
cation in a newspaper.   This notice is reasonably calcu-
lated to bring home to the owner information as to the
fact that his animal has been taken up and is sufficient to
satisfy the demands of justice.   It is a reasonable inter-
pretation of this statute that the owner may appear and
reclaim the property itself at any time before it is sold,
but the statute makes it the duty of the officer to deliver
the proceeds of the sale of unreclaimed property to the
county treasurer.   It is intended, not as a confiscation of
the property of the owner or of the funds arising from
the sale, but as a disposition of the surplus funds arising
from the sale of the unreclaimed property.   This the
Legislature could authorize if the provision for notice is
reasonable.   Suppose this statute had provided that the
funds should be paid over to the county treasurer to be
held for the owner for a period of six months and then
if unclaimed should be finally credited to a given public
fund.   Can it be doubted that the statute would be valid?
We think not, for the length of time within which the
fund might be claimed would undoubtedly be reasonable.
We are of the opinion that the provision in the present
statute is not unreasonable, for it gives the owner ample
opportunity to reclaim his property.

The chancery court was correct in refusing to restrain the enforcement of the statute under consideration, and the decree is therefore affirmed.