A. J. MORGAN, *Appellant*, v. THE CITY OF LAKELAND, A MUNICIPAL CORPORATION UNDER THE LAWS OF FLORIDA, *Appellee*.

Division A.

Opinion Filed November 6, 1925.

1. Under the provisions of Section 24, Article 3, and Section 8, Article 8 of the Constitution of Florida, the legislature has power to authorize any municipality in this State to regulate the running at large of animals in the corporate limits whether the owner resides within the city or not.

2. Where animals running at large within the corporate limits of a municipality are taken up and impounded under an ordinance duly authorized to be enacted, the regulation oper-

ates upon the animals so impounded, and not upon the owner thereof, except as the owner is affected by the disposition made of such animals.

3. The residence of the owner of animals taken up and impounded by a municipality is not material when the regulation operates upon the animals and does not impose a fine or other like liability upon such owner.

4. An ordinance authorizing the sale of animals taken up and impounded by a municipality, after notice, where its substantial requirements are strictly complied with, is not in contravention of the constitutional inhibition against the deprivation of property without due process of law, or other property rights of the owner.

5. Where an ordinance, authorizing the impounding and sale of animals running at large within a municipality, although enacted under an appropriate grant of power, prescribes penalties for its violation plus fees and charges equal approximately to the value of such animals, it amounts in its operation to a confiscation of such impounded animals and is therefore a deprivation of property of the owner without due process of law.

6. The common law, in so far at it requires the owner of animals to keep them off the premises of others, and renders them liable to the owners of such premises for damages done thereto by such animals, is not in force in this State.

7. Before animals may be impounded and sold or killed by a municipality because running or "going at large" within the corporate limits it must be made to appear that the running or "going at large" is such as is forbidden and denounced by the ordinance.

8. While injunctive relief will not be granted where the remedy at law is adequate, yet, where the remedy at law is not full, complete and adequate, or where complete relief is doubtful, and a more ample and appropriate remedy may be thereby afforded, equity will take jurisdiction and give relief, if it

can be done in accordance with recognized principles of chancery practice.

An Appeal from the Circuit Court for Polk County; John S. Edwards, Judge.

Reversed.

*E. M. Knight* and *C. E. Kinsinger*, for Appellant;

*J. H. Peterson*, for Appellee.

WEST, C. J.—This appeal is from an order sustaining a demurrer to the bill of complaint and dismissing the bill.

The bill alleges in substance that complainant is a resident and taxpayer of Polk County and that the defendant, the City of Lakeland, is a municipal corporation under a special legislative charter; that complainant owns cattle in large numbers, which graze upon lands contiguous to said city; that by virtue of its charter, the defendant city passed and adopted a certain ordinance, a copy of which is attached to and made a part of the bill, for the impounding of cattle and other animals running at large within the corporate limits of said city, with certain enumerated fees and charges required to be paid as a condition precedent to the redemption and recovery by the owner of impounded animals; that, by virtue of said ordinance, many cattle of complainant have been taken and held by the said city for the fees and charges imposed, some of which have been redeemed and recovered by him, and others repossessed by him in actions at law, which are still pending, but that some have been sold to others to pay the fees and charges assessed against them, while others were bid in by said city and killed and disposed of; that said city now has in its possession, recently bid in under the provisions of said ordinance 27 of complainant's cattle,

which are being killed and disposed of by it. The ordinance is alleged to be invalid on various enumerated grounds, hereinafter more specifically referred to. The prayer is for an order restraining the defendant city from the further enforcement of the ordinance.

The bill was demurred to upon the grounds that it contains no equity; that it shows on its face that the challenged ordinance is a valid exercise of the police power of the city, and that complainant has an adequate remedy at law.

The charter grant upon which the ordinance is predicated is as follows:

"The City Council shall have power * * * to regulate, tax license or suppress and punish by fine or imprisonment the keeping and going at large of all animals, fowls and domestic birds within the city to impound the same, and in default of the same being reclaimed and redeemed in pursuance of the ordinances of the city, to sell, kill or otherwise dispose of the same." Sec. 27, Chap. 6363, Acts of 1911.

This power is contained in subsequent enactments. Sec. 25, Chap. 8292, Acts of 1919; Sec. 10, Chap. 9812, Acts of 1923.

The ordinances, with amendments, ordains that it "shall be unlawful for any domestic animal to run at large within the city limits of Lakeland," makes it the duty of the marshal, or any police officer of the city, to impound and hold any such animal found running at large within the city, until claimed by the owner, to whom such animal or animals shall be delivered, upon payment of the fees charged and expense incurred in impounding and keeping such animal or animals; provides for notice to the owner, a hearing before the municipal court to determine whether the ordinance has been violated, sale of impounded animal or animals, after twenty-four hours' notice, upon failure

of the owner or owners to pay such fees and costs in accordance with the ordinance, and the redemption by the owner, within sixty days, of all animals so sold, upon satisfactory proof of ownership and a tender to the purchaser of all amounts paid therefor with interest thereon.

In Waller v. Osban, 60 Fla. 268, 52 South..Rep. 970, in passing upon a similar ordinance of the town of Titusville, this court said: "Under the above constitutional provisions (referring to Sec. 24 of Art. 3, and Sec. 8 of Art. 8, of the Constitution of Florida) the legislature had power to authorize any municipality in this State to regulate the runing at large of animals within the corporate limits whether the owners live in the city or not; and as an incident thereto to impound those found at large in the city * * * Where cattle running at large in a city are taken up and impounded under ordinances authorized by the legislature, the regulation operates upon the cattle and not upon the owner thereof except as the owner is affected by the disposition made of the cattle. The residence of the owner of the cattle is not material where the regulation operates on the cattle and does not undertake to impose a fine or liability upon persons not within the jurisdiction of the municipality."

The grounds upon which the ordinance is assailed are that the impounding fee and other costs exacted are excessive and unreasonable, and that such fees are intended to be, and are, productive of revenue, rather than the payment of charges and costs incurred in the enforcement of of the ordinance; that the enforcement of the ordinance deprives complainant of his property without due process of law; that it denies to him the right of acquiring, possessing and protecting property, and takes the property of complainant without just compensation.

"That a municipality may, by a duly enacted ordinance, under an appropriate grant of power, provide for the

taking up and impounding of animals, found running at large in the public streets, and for selling them to pay reasonable fees and charges incurred in doing so, is well settled. Such an ordinance, authorizing the sale of animals so impounded, after notice, where its substantial requirements are strictly observed, is not in contravention of the constitutional inhibition against the deprivation of property without due process of law, or other property rights of the owner.'' 1 R. C. L. 1147; Waller v. Osban, 60 Fla. 268, 52 South. Rep. 970; Dillard v. Webb, 55 Ala. 468; Folmar v. Curtis, 86 Ala. 354, 5 South. Rep. 678; Burdett v. Allen, 35 W. Va. 347, 13 S. E. Rep. 1012; Fort Smith v. Dodson, 46 Ark. 296, 55 Am. Rep. 589; Campau v. Langley, 39 Mich. 451, 33 Am. Rep. 414; Wilcox v. Hemming 58 Wis. 144, 15 N. W. Rep. 435; Howell v. Daughet, 148 Ark. 450, 230 S. W. Rep. 559; Brophy v. Hyatt, 10 Colo. 223, 15 Pac. Rep. 399; City of Paris v. Hale, 13 Tex. Civ. App. 386, 35 S. W. Rep. 333.

Section 8 of the ordinance, as amended, is as follows: ''The penalties and costs of impounding shall be as follows: For mules, horses, donkeys and cattle an impounding fee each, $5.00; for swine, sheep and goats, impounding fee each $3.00; feed and attention per day, each (50c) cents; services of notice, fee of thirty-five (35c) cents, provided a cost notice be given in advance free of charge; for writing said notice ten (10c) cents.''

This feature of the ordinance is, we think, amenable to the criticism leveled against it. The bill alleges and the demurrer admits that complainant's cattle, which are being impounded, are worth only $10 each. The ''penalty'' of $5 imposed upon the owner of such an animal as an impounding fee is not a reasonable charge for such service, but is excessive. This penalty, plus the other fees charged, amounts to a confiscation of the animal without a hearing, for the reason that before a hearing and sale can be had,

under the terms of the ordinance, the penalty and charges
would equal approximately its value, and there would be
no escape from the payment of such amount in order to re-
deem the animal.

The common law, in so far as it requires the owners of
animals to keep them off the premises of others and renders
them liable to the owners of such premises for damages
done by such animals, is not in force in Florida, and the
bill alleges that complainant's cattle graze upon lands con-
tiguous to the city. S. A. L. Ry. Co. v. Coxetter, 82 Fla. 414,
90 South. Rep. 469; S. F. & W. Ry. Co. v. Geiger, 21 Fla.
669, 58 Am. Rep. 697. If complainant's cattle were not
running at large, within the meaning of the ordinance, there
was no authority to impound them. Carolina-Florida
Planting Co. v. Maige, 64 Fla. 234, 60 South. Rep. 346.

With respect to the alleged inadequacy of a legal remedy,
the bill alleges:

"That your orator now has pending five suits at law in
the Inferior Courts of Polk County, Florida which he has
brought to recover possession of his cattle taken by said
city of Lakeland under said amended ordinance, and that
inasmuch as the said City of Lakeland now has in its
possession about 27 head of cattle of your orator under said
amended ordinance, and impounds under said amended
ordinance in the average of about ten head of cattle per
month of your orator, your orator is compelled and will be
compelled to bring many actions at law in the Inferior
Courts of Polk County, Florida, to recover his cattle, or the
value thereof; that usually only a small number of your
orator's cattle is impounded at one time, but such impound-
ing is effected frequently by the said City of Lakeland, and
therefore your orator is compelled to bring many suits at
law in the Inferior Courts of Polk County, Florida, to try
to prevent your orator's cattle from being sold, killed,
butchered, used or otherwise disposed of by the said City

of Lakeland, under said amended ordinance, as evidenced by said suits now .pending; that before these cases can be disposed of, other suits of the same nature will necessarily arise by the said City of Lakeland impounding more cattle of your orator's and in this way there will be an endless number of suits and litigations in which your orator will be involved, and there he is and will be subjected to an enormous expense and cost and loss of time in carrying on said litigations and suits.

Wherefore, your orator avers and charges that he is without a plain, adequate and complete remedy at law and that the continued enforcement of the said impounding ordinance of the said City of Lakeland will work an irremedial and irreparable injury to your orator, is and will be a constant annoyance and is and will be damage to your orator that is incalculable by reason of damage to his stock and his expense of looking after them, and that the continued enforcement of said ordinance will involve your orator in a multiplicity of suit at law, leaving your orator without remedy in the premises.''

While it is well settled that an injunction will not be granted where a remedy at law is adequate, yet, where the remedy at law is not full, complete and adequate, or where complete relief is doubtful, and a more ample and appropriate remedy may be thereby afforded, equity will take cognizance and give relief, if it can be done, in accordance with recognized principles of chancery jurisdiction. McNabb v. Tampa & St. Petersburg Land Co., 78 Fla. 149, 83 South. Rep. 90; Rentz v. Granger & Lewis, 64 Fla. 445; 60 South. Rep. 221; Gordon v. Clarke, Admr. 10 Fla. 179; Carter v. Bennett, 6 Fla. 214.

The allegations of the bill, which are admitted by the demurrer, state a case within the cognizance of a court of equity upon the ground that the law does not afford a full,

complete and adequate remedy. The result is that the order appealed from must be reversed.

Reversed.

ELLIS AND TERRELL, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BROWN, J. J., concur in the opinion.