J. A. GLISSON v. R. J. HANCOCK, as Sheriff of Putnam
County.

181 So. 379.
Division A.
Opinion Filed April 1, 1938.
Rehearing Denied June 1, 1938.

*P. B. Huff,* for Appellant;

*C. J. Hancock,* for Appellee.

PER CURIAM.—The appeal brings for review an order of
the Circuit Court of Putnam County dismissing bill of
complaint and dissolving temporary restraining order in a
suit where the appellant here had applied for injunction

against the Sheriff of Putnam County to restrain him from selling certain hogs belonging to the appellant which hogs had been impounded under the provisions of Chapter 18836, Special Acts of 1937. Section 9 of the Act provides as follows:

"Section 9. All laws or parts of laws in conflict herewith are hereby repealed. This Act shall take effect upon its passage and approval by the Governor or upon becoming a law without such approval."

The Act became a law without the Governor's approval, when it was filled in the office of the Secretary of State on May 17th, 1937. See Section 18, Article III, Constitution of Florida.

Section 28 of Article III of the Constitution provides in part as follows:

"Every bill that may have passed the Legislature shall, before becoming a law, be presented to the Governor; if he approved it he shall sign it, but if not he shall return it with his objections to the House in which it originated, which House shall cause such objections to be entered upon its journal, and proceed to reconsider it; if, after such reconsideration, it shall pass both Houses by a two-thirds vote of members present, which vote shall be entered on the journal of each House, it shall become a law. If any bill shall not be returned within five days after it shall have been presented to the Governor (Sunday excepted), the same shall be a law, in like manner as if he had signed it."

Thus, we see that if any bill shall not be returned to the House which transmitted it to the Governor within five days after it shall have been presented to the Governor, Sundays excepted, the same shall be a law in like manner as if he had signed it. Therefore, under the terms of Section 9 of the Act when taken in connection with the above

quoted provisions of the Constitution the Act became effective and enforceable when it was filed in the office of the Secretary of State on May 17, 1937, if it was otherwise a valid Act.

Section 7 of the Act provides as follows:

"Section 7: A lien prior in dignity to all others is hereby declared to be existing upon any hog, goat or sheep found to be running or roaming at large in violation of this Act for the amount of the cost and expense of impounding and caring for the same as herein provided, and such lien shall be foreclosed and satisfied by the sale of the property as herein provided, unless such costs and expense be paid by the owner of such animals."

This provision of the Act was ineffective as to liens created prior to the passage of and effective date of the Act because as to such liens the provisions of this section of the Act would be repugnant to Section 17 of the Declaration of Rights of the Constitution of the State of Florida. Acts of this character have been upheld in this and other jurisdictions. See Gill, et al., v. Wilder, 95 Fla. 901, 116 Sou. 870; Morgan v. Lakeland, 90 Fla. 525, 107 Sou. 269.

We hold, however, that this particular Act violates the due process clauses of the State and Federal Constitutions because Section 3 thereof provides as follows:

"Section 3. That any person may, and it shall be the duty of the Sheriff of said County, to take or cause to be taken up and impounded any hogs, goats, or sheep found running or roaming at large within the limits of said District. Such impounder may demand the sum of 50c for the taking and impounding of the same; and the sum of 50c for each animal for each day the same is kept impounded, and the person having charge of such animal when impounded, is hereby required to feed, water and

take care of same and to keep such animal or animals in good condition as when impounded."

This scale of fees might be reasonable as applied to cattle, horses, mules and other valuable animals but when applied to hogs, goats and sheep it is unreasonable and amounts to confiscation without judicial process. Under the statute the person impounding the animal, hog, sheep or goat, if entitled to receive 50c each for impounding and 50c each for the care of the animal would, if he kept the animal the minimum time required by the statute before sale, be entitled to receive for the impounding and care of the same 50c for impounding, 50c a day for two days before giving notice of sale and 50c a day for ten days thereafter, making a total of $6.50 for each animal impounded which would be more than the value of the average animal ·impounded under such statute, and would certainly be more than three times the value of goats. And, in addition to these fees, there would accrue the cost of advertising and sale.

In this case the description of the hogs impounded shows that the total weight of the ten hogs is about 475 pounds. The market value of these range hogs was probably never more than eight cents a pound or an aggregate of $38.00. Yet the fees for the impounding and keeping impounded until the day of sale would be $65.00, not including the newspaper and sheriff's fees.

Therefore, on authority of the opinion and judgment in the case of Morgan v. Lakeland, *supra,* we hold that this statute is invalid, as attempted to be applied in this case, because it amounts in its operation to a confiscation of impounded animals and the owner thereof is thereby deprived of his property without due process of law.

So the decree appealed from should be reversed and the

cause remanded for further proceedings not inconsistent with the views herein expressed.

So ordered.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.