STAPLES *v.* BISHOP, SHERIFF UNION COUNTY.

5-838                                    286 S. W. 2d 505

Opinion delivered February 6, 1956.

*L. B. Smead, Walter L. Brown* and *Robert C. Compton,* for appellant.

*Tom Gentry,* Attorney General, and *Bruce Bennett,* for appellee.

MINOR W. MILLWEE, Associate Justice.   This suit involves the constitutionality of Act 145 of 1955.

Appellant is engaged in the cattle business in Union County, Arkansas, where he originally brought suit in chancery court to restrain the sheriff and treasurer of Union County from enforcing Act 145 of 1955.   The Union Chancery Court found that the State Police were necessary parties to the suit which was refiled in Pulaski Chancery Court and Herman E. Lindsey, State Police Director, was made a party defendant.

The complaint asserted unconstitutionality of Act 145 on two grounds, the first being that it is an amendment of Initiated Act No. 1 of 1950 and did not receive a two-thirds vote of all members elected to each house of the General Assembly as required by Amendment No.

7 of the Arkansas Constitution, and the second that it compels citizens to incriminate themselves in violation of Art. 2, § 8 of the Constitution. Appellees demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. This appeal is from a decree sustaining the demurrer and dismissing the complaint when appellant refused to plead further.

The primary question is whether Act 145 of 1955 amended Initiated Act No. 1 of 1950 within the meaning of Amendment No. 7 of the Constitution (Ark. Stats., Vol. 1, p. 206) which provides that no measure approved by a vote of the people shall be "amended or repealed" by the General Assembly except by vote of two-thirds of all members elected to each house. Initiated Act No. 1 of 1950 (Ark. Stats., § 41-430, et seq.) made it a misdemeanor for the owners of cattle, horses, mules, hogs, sheep or goats to allow them to run at large on any public highway in the state, and provides that any qualified officer shall have authority to make arrests for violations of the act.

Act 145 was passed by the Legislature in 1955 by less than a two-thirds majority vote of both houses. The act makes it the duty of the sheriffs and members of the State Police to restrain and impound any animals found running at large on any public highway in the state. It also makes it the duty of county courts to provide enclosures for impounding said animals, which may be sold by the sheriff at public sale with the right of the owner to reclaim within 30 days of the first publication of notice of sale upon payment of the costs of taking up, feeding and care of such animals. Any net sale proceeds remaining at the end of each year in the fund to be kept by the sheriff in connection with the impounding and sale of animals must be deposited with the County Treasurer for the benefit of the County Road Fund.

In view of § 1 of Act 145 which states that the purpose of the act is to provide for more effective enforcement of the prohibition against animals being allowed to run at large in violation of Initiated Act No. 1 of 1950,

appellant insists that Act 145 amends Initiated Act No. 1 by providing for the taking up and impounding of animals found running at large on the highways in addition to the criminal penalty imposed upon violators by the initiated act. We do not agree that Act 145 "amended" Initiated Act No. 1 within the meaning of Amendment No. 7 of the Constitution.

As applied to statutes, an amendment has generally been defined by the courts as a legislative act designed to change some prior and existing law by adding to, or taking from it some particular provision. *State ex rel. Nagle* v. *Leader Co.,* 97 Mont. 586, 37 P. 2d 561; *Assets Reconst. Corp.* v. *Munson,* 81 Cal. App. 2d 363, 184 P. 2d 11; 50 Am. Jur., Statutes, § 3; 82 C. J. S., Statutes, § 243. In *Gregory* v. *Cockrell,* 179 Ark. 719, 18 S. W. 2d 362, this court held that an amendment of a statute involves some change or alteration in an existing statute which is direct and not consequential. In that case we also joined many other courts in approving the following definition of "Amendment in legislation" found in Bouvier's Law Dictionary, 3rd ed., p. 187: "An alteration or change of something proposed in a bill or established as law." Some courts have distinguished an "amendment" from a "supplemental act" by defining the latter as that which supplies a deficiency, adds to, extends or completes that which is already in existence without changing or modifying the original. *Lost Creek School Township, Vigo County* v. *York,* 215 Ind. 636, 21 N. E. 2d 58, 127 A. L. R. 1287.

Act 145 of 1955 does not in any manner "alter or change" Initiated Act No. 1 of 1950. There is nothing in Amendment No. 7 which prohibits legislation upon the same subject matter by a majority vote of less than two-thirds of the General Assembly so long as it does not amend or repeal the act or law approved by the electors. The Legislature has the power to provide for the impounding and sale of livestock found running at large in violation of law independently of Initiated Act No. 1 of 1950. *Howell* v. *Daughet,* 148 Ark. 450, 230 S. W. 559,

18 A. L. R. 63. The fact that Act 145 had for its purpose the more effective enforcement of the initiated act is immaterial unless it changed or altered it in some way. A comparison of the two acts shows that each is complete within itself, and that Initiated Act No. 1 still stands intact without alteration or change by Act 145. While the latter act may be supplemental to the former, it is not amendatory within the meaning of the Constitution.

Nor do we agree with appellant's contention that Act 145 compels the owner to be a witness against himself in violation of Art. 2, § 8 of the Constitution. While the act permits an owner to reclaim his impounded stock, it does not compel him to do so, nor does it necessarily follow that he thereby admits that he has violated Initiated Act No. 1 of 1950. One is not guilty of *allowing* his stock to run at large unless he knowingly permits them to do so. *De Queen* v. *Fenton,* 100 Ark. 504, 140 S. W. 716. Even though an owner reclaims his stock, he is still free to make any defense or contention he may have, or desire, with regard to whether he allowed the stock to run at large.

The able trial judge correctly held Act 145 valid and constitutional, and the decree is affirmed.