The Honorable James C. Scott State Senator Rt. 1, Box 82-A Warren, AR 71671-9705
Dear Senator Scott:
This is in response to your request for an opinion regarding the percentage vote necessary for the passage of two proposed bills, at some future legislative session, relating to Arkansas workers' compensation law. Specifically, you have asked the following:
 (1) Do either or both of these bills amend the current Arkansas workers' compensation law so that there is a question as to the vote required for passage?
 (2) If you are of the opinion that either or both of the bill drafts amend the Arkansas workers' compensation law, does an amendment of the current workers' compensation law require a simple majority vote or a two-thirds vote of each house of the General Assembly?
Your question presumably stems from the requirement of Amendment7 to the Arkansas Constitution that any amendment or repeal of an initiated act of the people be passed by a two-thirds vote of each house of the General Assembly, as opposed to the general requirement of a majority vote of each house. See Ark. Const. art. 5, § 22. The Workers' Compensation Act, now codified at A.C.A. §§ 11-9-101 to -811 (1987), was originally enacted as Act 319 of 1939. However, the Act was later reenacted in its entirety as Initiated Act 4 of 1948. Thus, any amendment to workers' compensation laws contained in Initiated Act 4 of 1948 would appear to require a two-thirds vote of both houses of the legislature under Amendment 7 to the Arkansas Constitution.[1]
In response to your first question, however, it is my opinion that neither of the proposed bills, as now worded, appear to amend the Workers' Compensation Act within the meaning of Amendment 7. One bill would mandate the use of "upset factors" in determining the premium to be paid by certain employers for workers' compensation insurance. The other would require the workers' compensation assigned risk plan to accept vendor policies that provide coverage to vendors who perform logging services. In Staples v. Bishop, 225 Ark. 936, 286 S.W.2d 505
(2956), the Arkansas Supreme Court recognized a distinction between amending an initiated act and merely supplementing it, defining an amendment as a "change or alteration in an existing statute which is direct and not consequential," and a supplemental act as "that which supplies a deficiency, adds to, or extends or completes that which is already in existence without changing or modifying the original." Staples,225 Ark. at 938. In my opinion, Initiated Act 4 of 1948 is not directly changed or modified by these proposed bills; thus, the two-thirds vote requirement of Amendment 7 is, in all likelihood, not applicable. If, however, a court found that either of these bills did something other than "supplement" Initiated Act 4, as that term is defined above, it might reach a different conclusion on this issue.
The answer to your first question renders your second question moot.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
CCT/WB:ch
[1] This opinion does not address the effect of the reenactment of the statutory law of Arkansas in the Arkansas Code of 1987 Annotated on prior initiated acts of Arkansas.